**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
Yana Hart (SBN 306499)
*yhart@clarksonlawfirm.com*
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| vs. | 1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.* |
| HORNELL BREWING CO., INC. | |
| Defendant. | 2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS AND PROFESSIONS CODE § 17500, *et. seq.* |
| | 3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et. seq.* |
| | 4. UNJUST ENRICHMENT |
| | 5. BREACH OF EXPRESS WARRANTY |
| | **DEMAND FOR JURY TRIAL** |

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Plaintiff Thomas Iglesias, ("Plaintiff"), individually and on behalf of all other similarly situated purchasers (the "Class"), brings this class action lawsuit against Hornell Brewing Co., Inc. (referred to herein as "Defendant"), and alleges as follows:

## INTRODUCTION

1.      Defendant falsely labels and advertises its AriZona beverage products, including but not limited to, AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Orangeade, Grapeade, Lemonade Drink Mix, Golden Bear Strawberry Lemonade, and Rx Energy as being "All Natural," when in reality, they contain added coloring, including but not limited to "beta carotene," "fruit and vegetable juices," "annatto," and "vegetable juice." The "All Natural" AriZona beverages are collectively referred to as (the "Products"). *See* Figures 1-10, *infra.* The prominent label "ALL NATURAL" is depicted on the front of the Product container, to mislead consumers to believe that the Products are entirely natural.



CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265



CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265





CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265





CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265



CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

2.      Plaintiff brings this class action lawsuit on behalf of all purchasers of the Products within the State of California, during the last four years.

3.      Plaintiff brings this class action against Defendant, who is among the United States' leading producers of beverage products. Defendant has realized that, based on the public's concern about natural and healthy foods, there is a financial benefit to be derived in selling products claiming to be natural. Accordingly, Defendant labels its Products as "All Natural," even though the Products contain added coloring in violation of California and federal advertising laws.

4.      Plaintiff seeks to secure injunctive relief and restitution for the Class against Defendant for false and misleading advertising in violation of California's Business & Professions Code section 17200, *et seq.,* Business & Professions Code section 17500, *et seq.,* and the Consumers Legal Remedies Act Civil Code section 1750, *et seq.* Defendant made and continues to make false and misleading statements in its advertising of the Products. Specifically, Defendant labels the Products as "All Natural" (depicted in capital letters on the front label) and markets them as such, even though the Products contain coloring additives.

5.      By letter dated December 14, 2021, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782(a). Plaintiff has provided Defendant with notice of its violations of the CLRA pursuant to Civil Code section 1782(a).

## PARTIES

6.      Plaintiff is, and at all times relevant hereto was, a citizen of California. Plaintiff purchased the Mucho Mango Fruit Juice Cocktail from a Foods Co. in San Francisco, California in on several occasions since 2017. Plaintiff paid approximately $4 for the Product. In making his purchase, Plaintiff relied upon Defendant's labeling and advertising claims, namely, the "All Natural" label clearly printed on the front of the Product. These claims were prepared and approved by Defendant and its agents and disseminated statewide and nationwide, to encourage consumers to purchase the Products. If Plaintiff had known that the Product was not completely natural, he would not have purchased the Product.

7.      Hornell Brewing Co., Inc. is a corporation headquartered in Woodbury, New York. Hornell Brewing Co., Inc. maintains its principal business office at 60 Crossways Park Drive W.,

CLASS ACTION COMPLAINT

Ste. 400, Woodbury, New York 11797. Hornell Brewing Co., Inc., directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Hornell Brewing Co., Inc. is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive packaging of the Products.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 and the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

9.     Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff is a citizen of California who resides in San Francisco County; Defendant made the challenged false representations to Plaintiff in San Francisco County; Plaintiff purchased the Product in this County; and Plaintiff consumed the Product in this County. Moreover, Defendant receives substantial compensation from sales in San Francisco County, actively advertises and sells Products in San Francisco County, and Defendant made numerous misrepresentations through its advertising and labeling of Products which had a substantial effect in San Francisco County.

10.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## FACTUAL ALLEGATIONS

11.     Defendant labels and advertises its Products being "All Natural." In reality, the Products cannot be labeled as "All Natural" because they contain added coloring. The specific food coloring agents in the Products are "vegetable juice," "fruit and vegetable juices," "annatto," and "beta carotene."

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

12.     Consumers are willing to pay more for all natural products because of the association with a healthy and organic diet. According to Nielsen's 2015 Global Health & Wellness Survey that polled over 30,000 people, 88% of Americans are willing to pay more for healthier foods.[1] This sentiment is further evidenced by the fact that global sales of health foods reached $1 trillion in 2017, according to Euromoniter.[2]

13.     By representing the Products to be "All Natural," Defendant seeks to capitalize on consumers' preference for food items with no artificial additives.

14.     Defendant's practice of capitalizing on consumers' preferences for healthier products is deceptive. This deception continues today, as consumers continue to purchase the Products under the mistaken belief that they are all natural based on Defendant's false, deceptive, and misleading label claims "All Natural."

15.     Plaintiff and other consumers of the Products made their purchase decisions in reliance upon Defendant's advertised claims that that Products are "All Natural."

16.     By falsely labeling the Products as being "All Natural," Defendant has profited from consumers' preference for food products that are perceived to be healthier and made free from any added coloring.

### A.    Defendant's "All Natural" Label Claim

17.     The Food and Drug Administration ("FDA") does not regard foods with added coloring as natural, no matter the source of the coloring agent.  According to their guidelines, they "have considered 'natural' to mean that nothing artificial or synthetic (including colors regardless of source) is included in, or has been added to, the product that would not normally be expected to be there (56 FR 60421 at 60466)."[3]

---

[1] *See* Global Health and Wellness Report 2015, NIELSEN, https://www.nielsen.com/wp-content/uploads/sites/3/2019/04/Nielsen20Global20Health20and20Wellness20Report20-20January202015-1.pdf (last visited February 15, 2022).
[2] *See* Health and Wellness the Trillion Dollar Industry in 2017, EUROMONITOR, https://blog.euromonitor.com/health-and-wellness-the-trillion-dollar-industry-in-2017-key-research-highlights (last visited February 15, 2022).
[3] Leslie Kux, *FDA Rulemaking Re Term Natural*, 12 November 2015. https://www.federalregister.gov/documents/2015/11/12/2015-28779/use-of-the-term-natural-in-

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

18.     On November 10, 2015, in response to citizen petitions and consumer requests, the FDA announced the establishment of a docket to receive information and comments on the use of the term "natural" in the labeling of human food products to determine whether a definition of "natural" should be established.

19.     Among the 7,687 public comments received by the FDA, not one comment from the public stated that "natural" should be allowed in food labeling if color is added to a food; rather, hundreds of comments stated "natural" should only be used for foods which are free from added coloring. Some representative examples include:

a.     "When I see the word 'Natural' on packaging, I expect the contents to have only ingredients as they are found in nature. No chemicals, no coloring, no flavoring, no GMO's." (Comment from Kristine Milochik. Posted 02/23/2016)

b.     "I think the term 'Natural' should be banned from food labeling. It is too ambiguous! It should be removed from all descriptors, including: Natural Flavor, Natural colors, All Natural and so on. I think for the interest of transparency all food ingredients should be simply labeled. The consumer has the right to know what they are eating or drinking." (Comment from Daniel Kinkelaar. Posted 08/26/2016)

c.     "I firmly believe that consumers should be made aware of what they are purchasing when shopping for food and too many times companies are fooling the public by using the word 'Natural' when in fact it is not. When I see the word Natural on a food product, I consider this to mean that it is free from all additives, GMOs, Preservatives, Drugs, or colors. It is in it's natural state. I would like to see the FDA put more stringent requirements on companies who wish to use this term in their products." (Comment from Artemis Hader. Posted on 02/18/2016)

d.     "The term 'Natural' should only appear on foods that are organic without any preservatives or man-made chemicals. The food should be GMO-free and contain no added colors, flavors, or synthetic substances. If a food product fails to meet any of these requirements, then it

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

the-labeling-of-human-food-products-request-for-information-and-comments (Last visited February 15, 2022).

CLASS ACTION COMPLAINT

1  should not be allowed to have the label 'Natural' on it." (Comment from Sara Burr. Posted on

2  03/16/2016)

3          e.      "Natural should indeed mean no preservatives, additives, GMO's and or flavor

4  or color enhancers…" (Comment from Roy Collicutt. Posted on 03/15/2016)

5      20.    To date, the FDA has not announced its decision to further define or regulate the term

6  "natural" in food labeling.

7      21.    The "All Natural" label is prominently and conspicuously printed on the front of the

8  Products. But the added coloring agents in the Products render the "All Natural" label claims false.

9  The added coloring agents, regardless of their source, are not ingredients consumers would normally

10  expect to be included products that are labeled as "All Natural."

11      22.    There are market incentives for companies to label their products as "natural."

12  According to a national representative survey, more than half of consumers look for products with

13  a "natural" food label, often under "the false belief that they're produced without...artificial

14  ingredients."[4] As stated *supra*, the FDA considers "natural" to be defined as a product that includes

15  nothing artificial "including colors *regardless of source*" [emphasis added].[5] The process by which

16  naturally-sourced food coloring is added to products alters their status and renders them as no longer

17  "natural." Therefore, the reasonable consumer will pay a price premium for products with an "All

18  Natural" label because they believe these products are safer, more nutritious, or otherwise have

19  different attributes than products that do not have the label, all things being equal. Thus, these

20  market forces push producers, like Defendant, to deceptively label their products as "All Natural"

21  to give themselves a market advantage.

22      23.    Reasonable consumers do not expect a product prominently labeled as "All Natural"

23  to have added coloring. The Products' labels have the "capacity, likelihood, or tendency to deceive

24  or confuse the public" into believing that they are fully natural and are truthfully labeled. *Williams*

25  *v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (citing *Kasky v. Nike, Inc.*, 27 Cal.4th 939,

26

27  [4] Andrea Rock, "Peeling Back the 'Natural' Food Label." *Consumer Reports,* 27 January 2016.
   https://www.consumerreports.org/food-safety/peeling-back-the-natural-food-label/ (Last visited

28  February 15, 2022).
   [5] *See* Leslie Kux, *supra* note 5.

951 (2002) and *Leoni v. State Bar*, 39 Cal. 3d 609, 626 (1985)) (The California Supreme Court has recognized "that [consumer protection] laws prohibit 'not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood or tendency to deceive or confuse the public.'").

24.     Reasonable consumers such as Plaintiff do not have specialized knowledge necessary to identify ingredients in the Products as being inconsistent with Defendant's advertised claim of "being "All Natural."

25.     Defendant knows that consumers are willing to pay more for foods that are labeled "All Natural" because they perceive it to be a healthier alternative to similar products without any added coloring, and advertises the Products with the intention that consumers rely on the representation made on the front of the Products' packaging made in all capital letters with prominent bold font "All Natural."

26.     Plaintiff and other consumers purchased the Products due to their belief that the Products are safer, more nutritious, or otherwise have different attributes than do products that do not have the "All Natural" labels.

27.     Plaintiff and the Class made their purchasing decisions in reliance upon Defendant's advertised claims that that Products are "All Natural."

28.     Plaintiff and the Class reasonably and detrimentally relied upon the Products' front labels indicating that the Products are "All Natural."

29.     Plaintiff and the Class would not have purchased the Products had they known that the Products contained ingredients that were added for  coloring, thus rendering the Products no longer as being "All Natural."

30.     Defendant's conduct threatens California consumers by using false, deceptive, and misleading labels. Defendant's conduct also threatens other companies, large and small, who "play by the rules." Defendant's conduct stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

31.     There is no practical reason for the false or misleading labeling and advertising of the Products, other than to mislead consumers as to the actual ingredients of the Products being

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

purchased by consumers while simultaneously providing Defendant with a financial windfall as a result of money saved from lower supply costs.

32.     Plaintiff makes the allegations herein upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## **CLASS ALLEGATIONS**

33.     Plaintiff brings this action on his behalf and on behalf of all other persons similarly situated. The Class which Plaintiff seeks to represent comprises:

> All persons who purchased the Products in the State of California, for personal consumption and not for resale during the time period of four years prior to the filing of the complaint through the present.

Said definition may be further defined or amended by additional pleadings, evidentiary hearings, a class certification hearing, and orders of this Court.

34.     The class is so numerous and likely consists of hundreds of thousands of individuals, the joinder of whom is impracticable.

35.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual Class members. Common questions of law and fact include, but are not limited to, the following:

a.     Whether Defendant's conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq*.;

b.     Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq*.;

c.     Whether Defendant represented the Products as having characteristics or qualities that they do not have in violation of Civil Code section 1750, *et seq*.;

d.     Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq*.;

e.     Whether Defendant's labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

f. Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

g. Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

h. Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i. Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

j. Whether Plaintiff and the Class paid more money for the Products than they actually received; and

k. How much more money Plaintiff and the Class paid for the Products than they actually received.

36. Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

37. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations and material omissions. Plaintiff purchased the Product under the false belief that they were "All Natural." Plaintiff relied upon Defendant's packaging and would not have purchased the Products if he had known that the Product contained ingredients that were added for coloring.

38. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

39. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and

provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

40.   Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

41.   Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

## COUNT ONE

### Violation of California Consumers Legal Remedies Act,

### California Civil Code Section 1750, *et seq.*

42.   Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporate the same as if set forth herein at length.

43.   Plaintiff brings this cause of action pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on his own behalf and on behalf of all other persons similarly situated.

44.   Plaintiff and the Class members are "consumers" within the meaning of California Civil Code Section 1761(d).

45.   The sale of Defendant's products to Plaintiff's and Class members constitutes a "transaction" within the meaning of California Civil Code Section 1761(e).

46.   Defendants products are "goods" within the meaning of California Civil Code Section 1761(a).

47.   The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods and prohibits "representing that goods or

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLASS ACTION COMPLAINT

services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have." California Civil Code Section 1770 (d)(5).

48.     The CLRA also prohibits representing that the products are of "a particular standard, quality, or grade" when it is of another. California Civil Code Section 1770(a)(7).

49.     The CLRA prohibits advertising goods with the intent not to sell them as advertised and representing the goods have been supplied in accordance with a previous representation when the they have not. California Civil Code Section 1770(a)(9) and (a)(16).

50.     The practices described herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate the CLRA by (1) using deceptive representations in connection with the Products, including representing them as having characteristics, benefits and qualities they do not have; (2) representing them to be of a particular quality and standard as "All Natural" while they were not "all natural" and contained added coloring; and (3) advertising and packaging the Products with intent not to sell them as advertised – specifically as being "All Natural."

51.     Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics which they do not have, e.g., advertising the Products in such a way to represent them being "All Natural" when the Products contain coloring additives. In doing so, Defendant misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

52.     Defendant fraudulently deceived Plaintiff and the Class by labeling and advertising the Products with the intent not to sell them as advertised. Specifically, Defendant intentionally labeled and misrepresented the Products as being "All Natural," and failed to disclose the coloring agents in the Products. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

53.     Defendant knew or should have known, through the exercise of reasonable care, that

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

the Products' labeling and advertising were misleading.

54. Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

55. Defendant's labeling and advertising of the Products were a material factor in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendant's labeling and advertising of the Products, Plaintiff and the Class reasonably believed that they were purchasing products that were safer, more nutritious, or otherwise had different attributes than products that do not have the "All Natural" labels. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Products.

56. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for a beverage that was different from what he reasonably expected to receive when he decided to make his purchase. Plaintiff would not have purchased the Product had he known that the Products contained coloring agents that rendered the natural claims false.

57. Defendant's false and misleading labeling and advertising should be enjoined due to its false, misleading, and/or deceptive nature.

58. By letter dated January 8, 2021, Plaintiff advised Hornell Brewing Co., Inc. of its false and misleading claims pursuant to California Civil Code Section 1782(a).

59. Pursuant to Section 1780(a) of the Act, Plaintiff seeks injunctive relief in the form of an order enjoining the above-described wrongful acts and practices of Defendant, including, but not limited to, an order enjoining Defendant from continuing to make the label and advertising claims challenged herein. Plaintiff also requests an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant. Plaintiff shall be irreparably harmed if such an order is not granted.

60. Plaintiff respectfully requests that the Court enjoin Defendant from continuing to employ the unlawful methods, acts, and practices alleged herein pursuant to § 1780(a)(2). In addition, Defendant should be compelled to provide restitution and damages to consumers who paid for Products that are not what they expected to receive due to Defendant's misrepresentations.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

a.      Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1)      Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively label the Products as being "All Natural." Injunctive relief is necessary to prevent Defendant from continuing to engage in the unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts. Such modifications would include, reformulating the Products so they do not contain added coloring or removing the " "All Natural" label claims. Such relief is also not available through a legal remedy as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff and Class members overpay pay for the falsely labeled Products), rendering injunctive relief a necessary remedy.

## COUNT TWO

### Violation of California False Advertising Law,

### Business & Professions Code Section 17500, *et seq.*

61.      Plaintiff repeats and reallege the allegations set forth in the preceding paragraphs, and incorporate the same as if set forth herein at length.

62.      Plaintiff brings this cause of action pursuant to Business and Professions Code section 17500, *et seq.*, on his own behalf and on behalf of all other persons similarly situated.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

63.     California's False Advertising Law, California Business and Professions Code section 17500, *et seq*., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

64.     Defendant knowingly disseminated misleading claims regarding the Products in order to mislead the public about the ingredient makeup of the Products.

65.     Defendant controlled the labeling, packaging, production and advertising of the Products. Defendant knew or should have known, through the exercise of reasonable care, that its representations and omissions about the ingredients of the Products were untrue, deceptive, and misleading.

66.     Defendant's action of displaying misleading claims and omissions about the ingredients of the Products in prominent type face on each of the Products' front labels is likely to deceive the general public.

67.     Defendant's actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

68.     As a direct and proximate result of Defendant's conduct alleged herein in violation of the FAL, Plaintiff and members of the Class, pursuant to § 17535, are entitled to an order of this Court enjoining such future wrongful conduct on the part of Defendant, and requiring Defendant to disclose the true nature of its misrepresentations.

b.     Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1)     The scope of permissible plaintiffs under the FAL is broader than the CLRA to include, for example, individuals or entities who purchased the Products for non-personal, non-family, and non-household purposes. Thus,

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

1    Plaintiff and class members may be entitled to restitution under the FAL, while

2    not entitled to damages under the CLRA.

3        (2)      Injunctive relief is appropriate on behalf of Plaintiff and members of

4    the Class because Defendant continues to deceptively label the Products and

5    deliberately omit that the Products contain coloring additives that render the

6    Products no longer as being "All Natural." Injunctive relief is necessary to

7    prevent Defendant from continuing to engage in the unlawful conduct

8    described herein and to prevent future harm—none of which can be achieved

9    through available legal remedies. Further, injunctive relief, in the form of label

10   modifications, is necessary to dispel public misperception about the Products

11   that has resulted from years of Defendant's unfair, fraudulent, and unlawful

12   marketing efforts. Such modifications would include, but are not limited to,

13   reformulating the Products or removing the false "All Natural" labeling. Such

14   relief is also not available through a legal remedy as monetary damages may

15   be awarded to remedy past harm (i.e., purchasers who have been misled),

16   while injunctive relief is necessary to remedy future harm (i.e., prevent future

17   purchasers from being misled), under the current circumstances where the

18   dollar amount of future damages is not reasonably ascertainable at this time.

19   Plaintiff is, currently, unable to accurately quantify the damages caused by

20   Defendant's future harm (e.g., the dollar amount that Plaintiff and Class

21   members overpay for the falsely labeled Products), rendering injunctive relief

22   a necessary remedy.

23       69.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of

24   Defendant's false representations. Plaintiff purchased the Products in reliance upon the claims and

25   omissions by Defendant that the Products are "All Natural," as represented by Defendant's labeling

26   and advertising. Plaintiff would not have purchased the Products if he had known that the claims

27   and advertising as described herein were false and misleading.

28

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

70.     Plaintiff and members of the Class also request an order requiring Defendant to disgorge its ill-gotten gains and/or award full restitution of all monies wrongfully acquired by Defendant by means of such acts of false advertising, plus interests and attorneys' fees.

## COUNT THREE

**Violation of California Unfair Competition Law**

**Business and Professions Code § 17200 et seq.**

71.     Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

72.     Plaintiff brings this cause of action pursuant to Business and Professions Code § 17200, *et seq*., on his own behalf and on behalf of all other persons similarly situated.

73.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

### A.     "Unfair" Prong

74.     Under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et. seq.,* a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

75.     Defendant's advertising and labeling of the Products as being "All Natural," when the Products contain coloring additives, is false, misleading, and deceptive.

76.     Defendant's false advertising of the Products causes injuries to consumers, who do not receive the promised benefits from the Products in proportion to their reasonable expectations.

77.     Through false, misleading, and deceptive labeling of the Products, Defendant seeks to take advantage of consumers' desire for "All Natural" products, while reaping the financial benefits of manufacturing lower quality Products.

78.     When Defendant labels the Products as being "All Natural," it provides false promises to consumers and stifles competition in the marketplace.

79.     Consumers cannot avoid any of the injuries caused by Defendant's false and misleading advertising of the Products.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

80.     Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. The courts "weigh the utility of the Defendant's conduct against the gravity of the harm alleged to the victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F. 3d 1152, 1169 (9th Cir. 2012).

81.     Defendant's material omissions result in financial harm to consumers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of its harm.

82.     Some courts require the "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

83.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

84.     Defendant knew or should have known of its unfair conduct.

85.     As alleged in the preceding paragraphs, the material misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business & Professions Code § 17200.

86.     There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein. Defendant could have marketed the Products without making any false statements about the Products' ingredients.

87.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

88.     Pursuant to Business & Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products.  Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

89.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for the Product. Plaintiff would not have purchased the Product if he had known that the Product's "All Natural" label claims were false.

**B. "Fraudulent" Prong**

90.     California Business and Professions Code § 17200, *et seq.* considers conduct fraudulent and prohibits said conduct if it is likely to deceive members of the public. *Bank of the West v. Superior Court,* 2 Cal. 4th 1254, 1267 (1992).

91.     Defendant's advertising of the Products as being "All Natural," without referring to their actual characterization, is likely to deceive members of the public into believing that the Products are natural.

92.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes fraudulent conduct.

93.     Defendant knew or should have known of its fraudulent conduct.

94.     As alleged in the preceding paragraphs, the material misrepresentations and omissions by Defendant detailed above constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

95.     There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have refrained from labeling the Products as being "All Natural."

96.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

97.     Pursuant to Business & Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products.  Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

98.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff and the Class paid an unwarranted premium for the Products. Plaintiff and the Class would not have purchased the Products if they had known that the Products were not "All Natural."

### C. "Unlawful" Prong

99.    California Business and Professions Code Section 17200, *et seq.,* identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

100.   Defendant's advertising of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et seq.,* California Business and Professions Code Section 17500, *et seq.*

101.   Defendant's packaging, labeling, and advertising of the Products, as alleged in the preceding paragraphs, are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct.

102.   Defendant knew or should have known of its unlawful conduct.

103.   As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

104.   There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein. Defendant could have refrained from omitting the true characteristics of the Products.

105.   All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

106.   Pursuant to Business and Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

of false and deceptive advertising of the Products. Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

107. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for the Product. Plaintiff would not have purchased the Product if he had known that Defendant purposely deceived consumers into believing that the Products were "All Natural."

108. As a result of the business acts and practices described above, Plaintiff and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

c. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

(1) The applicable limitations period is four years for claims brought under the UCL, which is one year longer than the applicable statute of limitations under the FAL and CLRA. Thus, class members who purchased the Products between 3 and 4 years prior to the filing of the complaint will be barred from the Class if equitable relief were not granted under the UCL.

(2) The scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein to include, for example, the overall false and misleading marketing scheme of labeling the Products as being "All Natural." Thus, Plaintiff and class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct).

(3)     Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to deceptively label the Products. Injunctive relief is necessary to prevent Defendant from continuing to engage in this unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies. Further, injunctive relief, in the form of packaging or label modifications, is necessary to dispel public misperception about the Products that has resulted from years of Defendant's unlawful marketing efforts. Such modifications could include, but are not limited to, reformulating the Products so they do not contain added coloring, or remove the "All Natural" label claims. Such relief is not available through a legal remedy, as monetary damages may be awarded to remedy past harm (i.e., purchasers who have been misled), while injunctive relief is necessary to remedy future harm (i.e., prevent future purchasers from being misled), under the current circumstances where the dollar amount of future damages is not reasonably ascertainable at this time. Plaintiff is, currently, unable to accurately quantify the damages caused by Defendant's future harm (e.g., the dollar amount that Plaintiff and Class members will pay for the falsely labeled Products), rendering injunctive relief a necessary remedy.

109.   Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to pre-judgment interest as a direct and proximate result of Defendant's unfair and fraudulent business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

/ / /

/ / /

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**COUNT FOUR**

**Unjust Enrichment**

110.   Plaintiff repeats and realleges the allegations set forth above, and incorporates the same as if set forth herein at length.

111.   By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

112.   Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

113.   As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

114.   Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

115.   Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Products to Plaintiff and members of the Class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances making it inequitable to do so constitutes unjust enrichment.

116.   The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

117.   Plaintiff and members of the Class have no adequate remedy at law.

**COUNT FIVE**

**Breach of Express Warranty**

118.   Plaintiff repeats and realleges all the allegations of the previous paragraphs and incorporate the same as if set forth herein at length.

119.   Defendant expressly warrants that the Products are "All Natural," as set forth above.

32

Defendant's claims constitute an affirmation of fact, promise, and/or description of the goods that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendant's claims.

120.   All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

121.   Defendant breached the terms of the contract, including the express warranties, with Plaintiff and the Class by not providing Products that conform to the advertising and label claims.

122.   As a result of Defendant's breach of contract, Plaintiff and the Class have been damaged in an amount to be determined at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment and relief on all Causes of Action as follows:

A.     This action be certified as a class action;

B.     Plaintiff be appointed as the representative of the Class;

C.     Defendant's conduct be declared unlawful;

D.     An order enjoining Defendant from continuing to label and advertise the Products as challenged herein;

E.     An order for Defendant to issue a corrective advertising campaign;

F.     For an award of restitutionary damages in an amount according to proof at trial;

G.     An order of disgorgement of profits for Defendant's unjust enrichment obtained as a result of its unlawful, unfair, and fraudulent practices;

H.     For pre-judgment interest from the date of filing this suit;

I.     Punitive damages;

J.     Reasonable attorneys' fees;

K.     Costs of this suit; and

L.     Such other and further relief as the Court may deem necessary or appropriate.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: March 21, 2022                    **CLARKSON LAW FIRM, P.C.**

                                         */s/ Yana Hart*
                                         Ryan J. Clarkson, Esq.
                                         Yana Hart, Esq.

                                         *Attorneys for Plaintiff*

CLASS ACTION COMPLAINT