**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Yana Hart (SBN 306499)
yhart@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS IGLESIAS, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>HORNELL BREWING CO., INC.<br><br>                Defendant. | Case No. 3:22-cv-01795-VC<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Complaint Filed: March 21, 2022<br>FAC File: June 22, 2022<br><br>Hon. Vince Chhabria<br><br>Hearing Date:    September 15, 2022<br>Time:    2:30 p.m.<br>Department/Room:    5 |

# TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................1

II. FACTS .................................................................................................2

III. LEGAL STANDARD .........................................................................3

IV. ARGUMENT ......................................................................................4

 A. Plaintiff's Claims Are Not Preempted Because No Cited Authority Regulates "All Natural," "100% Natural," or "100% All Natural" Label Attributes...................................4

 B. Plaintiff Plausibly Alleged the Products' Labels Are Misleading Under the Reasonable Consumer Standard .....................................................6

 C. Plaintiff Has Standing to Pursue Claims Regarding All Named Products Because They Are Substantially Similar to the Purchased Product....................9

 D. Defendant's Preemptive Arguments Challenging Plaintiff's Alternative Remedy of Restitution Must Be Denied..............................11

 E. Plaintiff Complied with the CLRA Notice Requirements .................13

 F. Plaintiff Pled With Specificity The Who, What, When, Where, and How.......................14

V. CONCLUSION ..................................................................................15

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P.: (213) 788-4050  F.: (213) 788-4070  |  clarksonlawfirm.com

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

### <u>TABLE OF AUTHORITIES</u>

*Adams v. Haan,*
   No. 8:20-CV-00913-JWH-DFMx,
   2021 U.S. Dist. LEXIS 207229 (C.D. Cal. Mar. 1, 2021) ............................................. 2

*Allen v. ConAgra Foods, Inc.,*
   13-cv-01279-JST,
   2013 WL 4737421 (N.D. Cal. Sept. 3, 2013) ........................................................ 6

*Anderson v. Jamba Juice Co.,*
   888 F. Supp. 2d 1000 (N.D. Cal. 2012) ............................................................... 10

*Anderson v. The Hain Celestial Grp.,*
   87 F.Supp.3d 1226 (N.D. Cal. 2015) .................................................................... 9

*Astiana v. Ben & Jerry's Homemade, Inc.,*
   10-cv-4387-PJH,
   2011 WL 211796 (N.D. Cal. May 26, 2011) ......................................................... 5

*Astiana v. Dreyer's Grand Ice Cream, Inc.,*
   No. C-11-2910 EMC, C-11-3164 EMC,
   2012 U.S. Dist. LEXIS 101371 (N.D. Cal. Jul. 20, 2012) ..................................... 2

*Astiana v. Hain Celestial Grp., Inc.,*
   783 F.3d 753 (9th Cir. 2015) ................................................................................. 5

*Balser v. Hain Celestial Group, Inc.,*
   640 Fed.Appx.694 (9th Cir. 2016) ..................................................................... 8, 9

*Barker v. Riverside County Office of Educ.*
   (9th Cir. 2009) 584 F.3d 821 ................................................................................ 3

*Barton v. Pret A Manger (USA) Ltd.,*
   535 F. Supp. 3d 225 (S.D.N.Y. 2021) .................................................................. 9

*Bell v. Publix Super Markets, Inc.,*
   982 F.3d 468 (7th Cir. 2020) ................................................................................ 6

*Brazil v. Dole Food Co., Inc.*
   (N.D. Cal. 2013) 935 F.Supp.2d 947 .................................................................... 9

*Brown v. Hain Celestial Grp., Inc.,*
   913 F.Supp.2d 881 (N.D. Cal. 2012) .................................................................... 10

*Cepelak v. Hp Inc.,*
   No. 20-cv-02450-VC,
   2021 U.S. Dist. LEXIS 221360 (N.D. Cal. Nov. 15, 2021) ................................... 2

*Coleman v. Mondelez Int'l., Inc.*,
   554 F.Supp. 3d 1055 (C.D. Cal. Jul. 26, 2021) ........................................................ 12

*Colucci v. ZonePerfect Nutrition Co.*,
   12-cv-2907-SC,
   2012 WL 6737800 (N.D. Cal. Dec. 28, 2012) ........................................................ 10

*Danone, US, LLC v. Chobani, LLC*,
   362 F. Supp. 3d 109 (S.D.N.Y. 2019) .................................................................... 6

*Deitz v. Comcast Corp.*,
   06-cv-06352 WHA,
   2006 U.S. Dist. LEXIS 94333, 2006 WL 3782902 (N.D. Cal. Dec. 21, 2006) ............ 14

*Fagan v. Neutrogena Corp.*,
   13-cv-0136-SVW-OP,
   2014 U.S. Dist. LEXIS 2795 (C.D. Cal. Jan. 8, 2014) ........................................... 9

*Garrison v. Whole Foods Mkt. Grp., Inc.*,
   13-cv-05222-VC,
   2014 U.S. Dist. LEXIS 75271 (N.D. Cal. June 2, 2014) ............................. 1, 2, 5, 7, 8

*Garcia v. Kashi Co.*,
   43 F. Supp. 3d 1359, 1373 (S.D. Fla. 2014) ..................................................... 5, 8

*Grasser v. Kiss My Face, LLC*,
   17-cv-01675-JSC,
   2017 U.S. Dist. LEXIS 175273 (N.D. Cal. Oct. 23, 2017) ...................................... 9

*Grimm v. APN, Inc.*,
   17-cv-00356-JVS(JCGx)
   2017 U.S. Dist. LEXIS 206700 (C.D. Cal. Nov. 20, 2017) ...................................... 6

*Haas v. Travelex Ins. Servs. Inc.*,
   20-cv-06171-ODW(PLAx)
   2021 WL 3682309 (C.D. Cal. Aug. 19, 2021) ..................................................... 12

*Heredia v. Sunrise Senior Living LLC*,
   18-cv-01974,
   2021 WL 819159 (C.D. Cal. Feb. 10, 2021) ........................................................ 11

*In re Apple In-App Purchase Litigation*,
   855 F.Supp.2d 1030 (N.D. Cal. Mar. 31, 2012) .................................................. 13

*In re Farm Raised Salmon Cases*
   (Cal. 2008) 42 Cal.4th 1077 ........................................................................... 4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

*Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com*

*Ivie v. Kraft Foods Global, Inc.*,
   12-cv-02554-RMW,
   2013 WL 685372 (N.D. Cal. Feb. 25, 2013) .................................................................5, 6

*Jackson v. Balanced Health Prods.*,
   597 F. Supp. 2d 1028 (N.D. Cal. 2009) ..........................................................................5

*Jeong v. Nexo Fin. LLC*,
   21-cv-2302-BLF,
   2022 WL 174236 (N.D. Cal. Jan. 19, 2022) ...................................................................12

*Johnson v. Trumpet Behav. Health, LLC*,
   21-cv-03221,
   2022 WL 74163 (N.D. Cal. Jan. 7, 2022) ........................................................................12

*Kang v. P.F. Chang's China Bistro, Inc.*,
   844 Fed.Appx. 969 (9th Cir. 2021) ..................................................................................7

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ..........................................................................................2

*Koh v. S.C. Johnson & Son, Inc.*,
   09-cv-0927-RMW
   2010 WL 94265 (N.D. Cal. Jan. 6, 2010) .......................................................................10

*Lanovaz v. Twinings N. Am. Inc.*,
   12-cv-02646-RMW
   2013 WL 2285221 (N.D. Cal. May 23, 2013) ..................................................................9

*Lam v. General Mills, Inc.*,
   859 F.Supp.2d 1097 (N.D.Cal.2012) ...........................................................................4, 6

*Lockwood Conagra Foods, Inc.*
   598 F. Supp. 2d 1028 (N.D. Cal. 2009) ...........................................................................5

*Maisel v. S.C. Johnson & Son, Inc.*,
   3:21-cv-00413-TSH,
   2021 U.S. Dist. LEXIS 86203, (N.D. Cal. May 5, 2021) ...........................................12, 14

*Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*,
   No. 20-cv-09077-JSW,
   2020 U.S. Dist. LEXIS 150394 (N.D. Cal. Aug. 6, 2021) ..............................................10

*Morgan v. AT&T Wireless Servs., Inc.*,
   177 Cal. App. 4th 1235, 1261, 99 Cal. Rptr. 3d 768 (2009) .........................................13

*Musgrave v. ICC/Marie Callender's Gourmet Prods. Div.*,
   No. 14-cv-02006-JST,
   2015 U.S. Dist. LEXIS 14674 (N.D. Cal. Feb. 5, 2015) ..................................................7

iv
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

*Nacarino v. Chobani, LLC,*
    20-cv-07437-EMC,
    2022 WL 344966 (N.D. Cal. Feb. 4, 2022) ............................................................. 12

*Nilon v. Nat.-Immuogenics Corp.,*
    No. 3:12-CV-00930-LAB (BGS),
    2014 U.S. Dist. LEXIS 185159 (S.D. Cal. Apr. 14, 2014) ..................................... 13

*Outboard Marine Corp. v. Superior Court,*
    52 Cal. App. 3d 30, 41 (1975) ............................................................................... 13

*Pratt v. Whole Foods Mkt. California, Inc.,*
    5:12-cv-05652-EJD
    2014 WL 1324288 (N.D. Cal. Mar. 31, 2014) ......................................................... 5

*Prescott v. Bayer HealthCare LLC,*
    20-cv-00102-NC
    2020 WL 4430958 (N.D. Cal. Jul. 31, 2020) ............................................... 5, 6, 13

*Reed v. Dynamic Pet Products,*
    No. 15-CV-0987-WQH-DHB,
        2015 WL 4742202 (S.D. Cal. Jul. 30, 2015) ..................................................... 13

*Rice-Sherman v. Big Heart Pet Brands, Inc.,*
    19-cv-03613-WHO
    2020 U.S. Dist. LEXIS 46197 (N.D. Cal. Mar. 16, 2020) ...................................... 13

*Robie v. Trader Joe's Co.,* No.
    20-CV-07355-JSW,
    2021 WL 2548960 (N.D. Cal. June 14, 2021) ........................................................... 6

*Smith v. Jackson,*
    84 F.3d 1213 (9th Cir. 1996) ..................................................................................... 3

*Snarr v. Cento Fine Foods, Inc.,*
    19-cv-02627-HSG
    2019 U.S. Dist. LEXIS 220063 (N.D. Cal. Dec. 23, 2019) ...................................... 12

*Sonner v. Premier Nutrition Corp.,*
    971 F.3d 834 (9th Cir. 2020) ........................................................................ 2, 11, 12

*Souter v. Edgewell Personal Care Co.,*
    20-CV-1486- CAB
    2022 WL 485000 (N.D. Cal. Feb. 16, 2022) ........................................................... 12

*Stewart v. Kodiak Cakes, LLC,*
    537 F. Supp. 3d 1103 (S.D. Cal. 2021) .................................................................. 12

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   F: (213) 788-4070   |   clarksonlawfirm.com

*Tabler v. Panera LLC*,
    19-CV-01646-LHK
    2019 WL 5579529 (N.D. Cal. Oct. 29, 2019) ............................................................. 5

*United States v. Alonso*,
    48 F.3d 1536 (9th Cir. 1995) ................................................................................. 6, 11

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) .................................................................................. 14

*Viggiano v. Hansen Nat. Corp.*,
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ........................................................................ 6

*White v. Kroger Co.*,
    No. 21-cv-08004-RS,
    2022 U.S. Dist. LEXIS 54273 (N.D. Cal. Mar. 25, 2022) ...................................... 14

*Werdebaugh v. Blue Diamond Growers*,
    12-CV-2724-LHK
    2013 WL 5487236 (N.D. Cal. Oct. 2, 2013) ............................................................ 10

*Williams v. Gerber Products Co.*,
    552 F.3d 934 (9th Cir. 2008) ......................................................................... 3, 4, 6, 7

*Wilson v. Frito-Lay North America, Inc.*
    No. 12-cv-1586-SC,
    2013 WL 5777920 (N.D. Cal. Oct. 24, 2013) .......................................................... 10

*Zeiger v. WellPet LLC*,
    17-cv-04056-WHO
    2021 WL 756109 (N.D. Cal. Feb. 26, 2021) ............................................................ 11

**FEDERAL STATUTES**

21 C.F.R. § 101.22 ......................................................................................................... 4, 6

21 U.S.C. § 343 ........................................................................................................... 4, 5, 6

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ........................................................................................ 3

Cal. Bus. & Prof. Code § 17500 ........................................................................................ 2

Cal. Civ. Code § 1750 ........................................................................................................ 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

**TABLE OF REFERENCES**

| Abbreviation | Description | Declarant/Deponent |
|---|---|---|
| Compl. | Complaint filed on March 21, 2022 | Plaintiff |
| FAC | First Amended Complaint filed on June 22, 2022 | Plaintiff |
| MTD | Defendant's motion to dismiss filed on August 1, 2022 | Defendant |
| RJN | Plaintiff's request for judicial notice in support of Plaintiff's opposition to Defendant's motion to dismiss | Plaintiff |
| Products | <u>Products containing "All Natural" claim</u>: AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Watermelon Fruit Juice Cocktail, Pineapple Fruit Juice Cocktail, Iced Tea with Peach Flavor, Arnold Palmer Half & Half Iced Tea Lemonade, Golden Bear Strawberry Lemonade, RX Energy Herbal Tonic, Green Tea with Ginseng and Honey, Diet Peach Iced Tea, Diet Raspberry Iced Tea, Diet Lemon Iced Tea, Orangeade, Grapeade, and Lemonade Drink Mix<br><br><u>Products containing "No Preservatives" claim</u>: AriZona Kiwi Strawberry Fruit Juice Cocktail, Lemonade Fruit Juice Cocktail, Mucho Mango Fruit Juice Cocktail, Fruit Punch Fruit Juice Cocktail, Watermelon Fruit Juice Cocktail, Orangeade, and Grapeade | |
| Plaintiff | Thomas Iglesias | |
| Defendant | Hornell Brewing Co., Inc. | |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## I.   **INTRODUCTION**

Defendant seeks dismissal of Plaintiff's consumer claims for false and deceptive advertising based on the misleading "*All Natural," "100% Natural*," or "*100% All Natural*" (hereinafter, the "All Natural Representations" and/or "All Natural Claims") and "No Preservative" claims (collectively, "Challenged Representations") despite each of the Products containing at least one of the following ingredients that are not natural and/or is a preservative: added coloring (including but not limited to beta carotene, fruit and vegetable juices, annatto, and vegetable juice); ascorbic acid; high fructose corn syrup; malic acid; erythritol; and "natural flavors." Defendant's motion to dismiss presents a number of entirely inapplicable and often undeveloped arguments.

First, Defendant's argument misconstrues the complaint. Defendant argues that a "natural flavor" label complies with various regulations, and thus, Plaintiff's claims are preempted as to the *ingredient*, "natural flavors." Defendant's argument misses the point. Plaintiff's issue is not with *how* Defendant describes its ingredients (natural favors), but rather with Defendant's All Natural misrepresentation. Regardless of whether Defendant selects the "optimal" semantics in their ingredients list, these ingredients render All Natural Representations false and misleading.

Second, Defendant argues that Plaintiff failed to state enough facts depicting that "a significant portion of the general consuming public" would be mislead by the All Natural or No Preservatives Representations. MTD pp. 10. Not so. Plaintiff listed numerous synthetic or artificial ingredients; cited to Federal policies which exclude a number of these ingredients from "natural" definition; cited to public comments regarding consumers' interpretation of natural, and explained that he was misled by these representations. *See e.g. Garrison v. Whole Foods Mkt. Grp., Inc*., No. 13-cv-05222-VC, 2014 U.S. Dist. LEXIS 75271, at *7 (N.D. Cal. June 2, 2014) (holding that plaintiff plausibly alleged false advertising claim regarding "all natural" where the Product contained an organic, yet synthetic ingredient). The Court simply cannot determine as a matter of law that reasonable consumers do not expect "All Natural" products to contain added coloring, synthesized compounds containing chemical residues, synthetic high fructose corn syrup, and preservatives. Defendant's second label claim of "No Preservatives" is also misleading as Defendant uses well-known preservative in the Products.

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P.: (213) 788-4050   F.: (213) 788-4070   |   clarksonlawfirm.com

Third, Plaintiff has standing to assert claims for the unpurchased, but substantially similarly diet and pineapple Products, which contained identical All Natural Representations. *See e.g. Astiana v. Dreyer's Grand Ice Cream, Inc*., No. C-11-2910 EMC, C-11-3164 EMC, 2012 U.S. Dist. LEXIS 101371, at *38 (N.D. Cal. Jul. 20, 2012) (holding that the purchaser of ice cream was permitted to pursue claims involving unpurchased ice cream because the products had the same labeling even though some of the ingredients were different).

Fourth, Defendant's *Sonner* argument fails to recognize that *Sonner* is not "a categorical bar to pleading claims for equitable relief under the UCL and damages under the CLRA in a single complaint." *Cepelak v. Hp Inc.,* No. 20-cv-02450-VC, 2021 U.S. Dist. LEXIS 221360, at *6 (N.D. Cal. Nov. 15, 2021). Furthermore, plaintiffs are not prohibited from seeking restitution as an alternative remedy to money damages. *See e.g. Adams v. Haan*, No. 8:20-CV-00913-JWH-DFMx, 2021 U.S. Dist. LEXIS 207229, at *11 (C.D. Cal. Mar. 1, 2021) (denying motion to dismiss as to injunctive relief and restitution where plaintiff alleged that she wished to return to the outlets, and plead restitution relief in the alternative to money damages); FAC ¶¶ 107, 110.

Fifth, Defendant's argument regarding the 30-day compliance with the CLRA pre-suit correspondence requirement entirely lacks merit. Plaintiff served detailed Notice letters to Defendant which fully comply with the law. Plaintiff is not required to serve his complaint with the Notice letters. *See Garrison,* 2014 U.S. Dist. LEXIS 75271, * 25.

Lastly, Plaintiff further fully complied with the Rule 9(b) particularity requirement vis-à-vis his fraud claim by pleading facts as to the "who, what, when, where, and how" of the misconduct. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1124 (9th Cir. 2009).

Therefore, the Court should deny Defendant's motion in its entirety.

## II.   FACTS

On June 22, 2022, Plaintiff, individually and on behalf of all proposed class members, filed his first amended complaint against Defendant. ECF No. 20. Plaintiff asserts five causes of action as a result of Defendant's false and deceptive advertising: (1) violation of California's Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*, the "**CLRA**"); (2) violation of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500, *et seq.*, the "**FAL**"); (3) violation of

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   |   F: (213) 788-4070   |   clarksonlawfirm.com

California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*, the "**UCL**"); (4) Unjust Enrichment; and (5) Breach of Express Warranty. *Id*. Defendant falsely and deceptively advertised, and continues to advertise its Products with the All Natural Representations when each of the Products contains at least one or more of the following ingredients that are not natural: added artificial coloring[1] (including but not limited to "beta carotene," "fruit and vegetable juices," "annatto," and "vegetable juice"); ascorbic acid; synthetic high fructose corn syrup; malic acid; erythritol; and "natural flavors." *Id.* at ¶¶ 1-5. Defendant also advertised a subset of these Products with the No Preservative Representation, even though these products contain a known preservative, ascorbic acid. *Id.* ¶¶ 2-5.

Plaintiff alleges that he purchased Mucho Mango Fruit Juice Cocktail from a Foods Co. in San Francisco California on several occasions since 2017, for approximately $4, relying on Defendant's misrepresentations of "All Natural" and "No Preservatives." *Id.*  ¶ 7. Plaintiff would like to purchase the Product again, if he can be sure that Defendant's label is compliant with the law. *Id.* ¶ 8. Plaintiff is at risk of reasonably, but incorrectly, assuming that Defendant has fixed the Product and buy them again but is deprived of the ability to rely on the representations made by Defendant. *Id.*

## III.   **LEGAL STANDARD**

On a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996); *Williams v. Gerber Products Co.*, 552 F.3d 934, 937 (9th Cir. 2008); *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (similar). A "motion [to dismiss] is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case," as the court in *Williams* explained in the false advertising context:

> It is true that the primary evidence in a false advertising case is the advertising itself. [citation and quotations omitted]. California courts,

[1]  Leslie Kux, *FDA Rulemaking Re Term Natural*, 12 November 2015. https://www.federalregister.gov/documents/2015/11/12/2015-28779/use-of-the-term-natural-in-the-labeling-of-human-food-products-request-for-information-and-comments  (Last visited February 15, 2022).

3
PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   |   F: (213) 788-4070   |   clarksonlawfirm.com

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   |   F: (213) 788-4070   |   clarksonlawfirm.com

however, have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer. *See e.g., Linear Technology Corp. v. Applied Materials, Inc.,* 152 Cal.App.4th 115, 134–35, 61 Cal.Rptr.3d 221 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires consideration and weighing of evidence from both sides and which usually cannot be made on demurrer.") [internal citation and quotation omitted].

*Williams*, 552 F.3d at 938 (reversing trial court's dismissal of false advertising claims).

## IV.   <u>ARGUMENT</u>

**A. Plaintiff's Claims Are Not Preempted Because No Cited Authority Regulates "All Natural," "100% Natural," or "100% All Natural" Label Attributes.**

Defendant's argument is twofold: (a) National Labeling and Education Act ("**NLEA**"), 21 U.S.C. § 343-1, and 21 CFR § 101.22(a)(3) preempt any requirements for labeling of "naturally flavored" products, and (b) Defendant's listing of "natural flavors" in some ingredients lists on the back label complies with NLEA and 21 CFR § 101.22(a)(3). MTD pp. 4-6. Since there appears to be no meaningful distinction in the two separate sections reciting NLEA and FDA, Plaintiff will address the two sections in a single argument. Defendant's argument confuses the issues by focusing on accuracy of its "natural flavors" ingredient listing, and ***failing to argue that the All Natural Representations are preempted***.[2,3]   The NLEA, FDA, 21 U.S.C. § 343-1, and 21 CFR § 101.22(a)(3) neither approve nor prohibit the All Natural Representations. The gravamen of Plaintiff's FAC is that Defendant voluntarily and misleadingly labeled and advertised its Products with All Natural Representations, and not that it labeled the Products as "naturally flavored." In the FAC, Plaintiff identifies the ingredients that run afoul of the All Natural Representations, including the ingredient titled "natural flavors." FAC ¶ 19. Defendant mistakenly believes that Plaintiff seeks "to impose a new definition of what constitutes a natural flavor." MTD p. 6. That is not true.

---

[2] Notably, Defendant does not argue that the "Natural" claims and the "No Preservative" claims are preempted. As such, Plaintiff addresses the natural claim to the extent that it involves the "natural flavors" term—which is an ingredient on the back label.

[3] Furthermore, Courts are hesitant to find express preemption and only do so under the FDCA when "(1) the FDA requirements with respect to a particular food label or package is clear; and (2) the product label or package at issue is in compliance with that policy, such that plaintiff necessarily seeks to enforce requirements in excess of what the FDCA, NLEA, and the implementing regulations require." *Lam v. General Mills, Inc.,* 859 F.Supp.2d 1097, 1102–03 (N.D.Cal.2012); *see also In re Farm Raised Salmon Cases,* 42 Cal.4th 1077, 1088, (2008) ("[c]onsumer protection laws such as the [UCL], false advertising law, and CLRA, are within the states' historic police powers and therefore are subject to the presumption against preemption.")

4

Defendant could have stated that the Products are made with "Natural Flavors" instead of labeling them with the All Natural Representations, but it did not do so.[4] FAC, pp. 5-6.

Indeed, Defendant's argument is contrary to the decision in *Astiana v. Hain Celestial Grp., Inc.,* 783 F.3d 753, 757 (9th Cir. 2015), where the Ninth Circuit rejected similar preemption arguments of "All Natural" representations because they contained synthetic ingredients:

> [The plaintiff] is not asking Hain to modify or enhance any aspect of its cosmetics labels that are required by federal law. Rather, she claims deception as a result of advertising statements that contradicted the true ingredients listed on the FDA mandated label. FDA regulations do not require Hain to label its products as "All Natural" or "Pure Natural." If [the plaintiff's] suit ultimately requires Hain to remove these allegedly misleading advertising statements from its product labels, such a result does not run afoul of the FDCA, which prohibits "requirement[s]" that are "different from," "in addition to," or "not identical with" federal rules.

*Id*. at 758.[5]

Thus, contrary to Defendant's misplaced arguments, Plaintiff's claims are not preempted because they do not seek to impose additional or conflicting labeling requirements. *See e.g. Garcia v. Kashi Co*., 43 F. Supp. 3d 1359, 1373 (S.D. Fla. 2014) (rejecting preemption argument as to the "All Natural" claim "because the FDA does not have a policy permitting food containing GMOs to be described as 'natural,' nor has it regulated the term 'all natural'"); *Prescott v. Bayer HealthCare LLC*, No. 20-cv-00102-NC, 2020 U.S. Dist. LEXIS 136651, at *3 (N.D. Cal. Jul. 31, 2020) (finding

---

[4] Defendant conveniently fails to cite to 21 U.S.C. § 343, which directly prohibits Defendant from misbranding foods. *Tabler v. Panera LLC*, 2019 WL 5579529, at * 5 (N.D. Cal. Oct. 29, 2019) (holding that "[u]nder the FDCA, food is misbranded if 'its labeling is false or misleading in any particular'" and the NLEA's preemption provision does not apply to § 343(a), the FDCA's prohibition on false or misleading labeling). "Thus, 'the FDCA does not preempt state laws that allow consumers to sue … manufactures that label or package their products in violation of federal standards." *Id.* (quoting *Astiana v. Hain Celestial Grp,* 783 F.3d at 757; *see also Jackson v. Balanced Health Prods.*, 597 F. Supp. 2d 1028, 1031 (N.D. Cal. 2009) (similar).

[5] Courts in this district routinely reject similar arguments that claims based on a misleading "all natural" label are preempted. *See Garrison*, 2014 U.S. Dist. LEXIS 75271, at * 2; *Larsen v. Trader Joe's Co.,* 917 F. Supp. 2d 1019, 1025 (N.D. Cal. 2013)*; Pratt v. Whole Foods Mkt. California, Inc.*, No. 5:12-CV-05652-EJD, 2014 U.S. Dist. LEXIS 46409, at * 6 (N.D. Cal. Mar. 31, 2014); *Ivie v. Kraft Foods Global, Inc.*, 12-cv-02554-RMW, 2013 U.S. Dist. LEXIS 25615, at *13 (N.D. Cal. Feb. 25, 2013); *Astiana v. Ben & Jerry's Homemade, Inc.*, 10-cv-4387-PJH, 2011 U.S. Dist. LEXIS 57348, at *10 (N.D. Cal. May 26, 2011); *Lockwood Conagra Foods, Inc.* 598 F. Supp. 2d 1028, 1030-34 (N.D. Cal. 2009).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

no preemption where removal of the representation did "not conflict with the FDCA because FDA regulations do not require or prohibit" said representation).[6]

**B.  Plaintiff Plausibly Alleged the Products' Labels Are Misleading Under the Reasonable Consumer Standard.** [7]

Defendant asserts that Plaintiff's claims under the CLRA, UCL, and FAL should be dismissed because Plaintiff fails to satisfy the reasonable consumer standard. MTD at 7. Not so.

Courts apply the "reasonable consumer" standard to determine whether an advertising claim is false or misleading under the UCL, FAL, and CLRA.  *See Williams*, 552 F.3d 934, 938. In applying this standard under Rule 12(b)(6), "***the Court must accept [p]laintiffs' view of the reasonable consumer's understanding***,"[8] not the defendants' attempt to recast it in an unpled manner. *Prescott*, 2020 U.S. Dist. LEXIS 136651, at *8 (citations and quotations omitted, emphasis added). "California courts [] have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on [the pleadings]." *Williams*, 552 F.3d at 938; *Grimm v. APN, Inc.*, 17-cv-00356-JVS(JCGx), 2017 U.S. Dist. LEXIS 206700, at *5 (C.D. Cal. Nov. 20, 2017) (only in **"rare"** cases should a court grant a motion to dismiss based upon a review of the disputed packaging) (emphasis added); *Garrison*, 2014 WL 2451290, at *2 (similar). Indeed, at this juncture,

---

[6] *Cf. Allen v. ConAgra Foods, Inc.*, 13-cv-01279-JST, 2013 U.S. Dist. LEXIS 125607, at * 4 (N.D. Cal. Sept. 2, 2013) (21 U.S.C. § 343-(q) and (r) directly regulated the plaintiff's "fat free" and "calorie free" claims); *Lam*, 859 F. Supp. 2d 1097 (holding that under 21 C.F.R. 101.22(A)(3), a product may be labeled as "***naturally flavored***," even if it does not contain natural ingredients); *Ivie*, 2013 U.S. Dist. LEXIS 25615 at * 26-28 (similar); *Robie v. Trader Joe's Co.*, No. 20-CV-07355-JSW, 2021 U.S. Dist. LEXIS 117336, at *7 (N.D. Cal. June 14, 2021) (similar); *Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877 (C.D. Cal. 2013) (similar).

[7] In the MTD, Defendant briefly cites to the decision in *Lam* on p. 9 (which it previously raised in the preemption argument) without developing any support for its statement that "Plaintiff has pled himself out of Court." MTD p. 9. Since Defendant fails to develop its argument, this argument is waived. *United States v. Alonso*, 48 F.3d 1536, 1544-45 (9th Cir. 1995) (holding that issues accompanied by undeveloped arguments are deemed waived). To the extent Defendant incorporates its earlier preemption arguments, these arguments are extensively addressed in Subsection A above.

[8] *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 481 (7th Cir. 2020) (stressing that reasonable consumers in purchasing "everyday" items such as "low-cost groceries" are likely to exhibit a low degree of care); *Danone, US, LLC v. Chobani, LLC*, 362 F. Supp. 3d 109, 123 (S.D.N.Y. 2019) ("[A] parent walking down the dairy aisle in a grocery store, possibly with a child or two in tow, is not likely to study with great diligence the contents of a complicated product package, searching for and making sense of fine-print disclosures . . . . Nor does the law expect this of the reasonable consumer.").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  |  F: (213) 788-4070  |  clarksonlawfirm.com

1   dismissal is appropriate only if, "[v]iewing the facts in the light most favorable to plaintiff," it is

2   "'***impossible*** for the plaintiff to prove that a reasonable consumer was likely to be deceived.'" *Yumul*

3   *v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1129 (C.D. Cal. 2010) (quoting *Williams*, 552 F.3d at

4   939) (emphasis added).

5        This is not a "rare situation" where dismissal on the pleadings is appropriate, nor is deception

6   "impossible" here. *Williams*, 552 F.3d at 939. Indeed, Plaintiff has sufficiently pled that reasonable

7   consumers are likely to be deceived by Defendant's false labeling.[9] In the FAC, Plaintiff alleged

8   that Defendant labels the Products with the Challenged Representations, while the Products contain

9   various non-natural, synthetic, and/or artificial ingredients, as well as a preservative. *See e.g.*

10  *Musgrave v. ICC/Marie Callender's Gourmet Prods. Div.*, No. 14-cv-02006-JST, 2015 U.S. Dist.

11  LEXIS 14674, at *23 (N.D. Cal. Feb. 5, 2015) ("Plaintiff need not allege that every consumer shares

12  the same definition of 'all natural,' only that a reasonable consumer could interpret these words to

13  exclude synthetic compounds.") (citing *Garrison*, 2014 U.S. Dist. LEXIS 75271, at *2-3).

14       Plaintiff plausibly explains how he and reasonable consumers understand the Challenged

15  Representations. For example, Plaintiff cites to numerous interpretations of the term "natural"

16  during the comment process in response to a citizens petition and consumer request to the Food and

17  Drug Administrations ("FDA") on November 10, 2015. FAC ¶¶ 18-21. Plaintiff then cites to the

18  FDA definition of a preservative and how common sense dictates that reasonable consumers assume

19  that products containing a "No Preservative" label, would not contain preservatives. *Id.* ¶¶ 52-60.

20  Notably, Plaintiff need not prove that the definition of "natural" or "preservative," as set forth in his

21  FAC is one a reasonable consumer would use during the pleading stage. *Garrison*, 2014 WL

22  2451290, at *2 (finding that plaintiff plausibly alleged that consumers would be misled by "all

---

[9] Defendant claims the label conforms with FDA standards because natural flavors and added coloring are "truthfully disclosed" on the back label—thus, Plaintiffs have failed to establish that the reasonable consumer would be misled. This argument has been unequivocally rejected by the Ninth Circuit. *Williams*, 552 F.3d at 939 (emphasis added) ("We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception."); *Kang v. P.F. Chang's China Bistro, Inc.*, 844 Fed. Appx. 969, 971 (9th Cir. 2021) ("packaging [can] plausibly deceive reasonable consumers even though the ingredient list elsewhere on the packaging disclose[s] the actual ingredients, since reasonable consumers might not 'look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print'").

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

natural" representations as a result of the presence of an "organic" and yet synthetic ingredient).

Defendant seeks to overcome the reasonable consumer standard by grasping onto the informal, underdeveloped FDA policy regarding additives that may be "normally expected" to be added in food, again without providing support for the position that any of the synthetic ingredients would be "normally expected" to be in the "All Natural" Products. MTD p. 8. Furthermore, even the minimal court consideration of this issue defers to the reasonable consumer standard. *Garcia*, 43 F. Supp. 3d 1359, 1379 (finding that even assuming "that FDA policy permits synthetic ingredients to be labeled "natural" so long as they are "normally expected in food," plaintiffs sufficiently allege that a reasonable consumer would not expect processed soy ingredients and calcium pantothenate to be in "All Natural" labeled food). Ironically, Defendant's cited FDA Policy *supports* Plaintiff's theory that the Defendant <u>cannot</u> label the Products as All Natural, while using synthetic and artificial ingredients, regardless of the source. Thus, reasonable consumer perception is plausible based on a common-sense interpretation, dictionary definitions, the views of the Federal Trade Commission ("**FTC**"), and California's codified interpretation of such advertising claims.[10]

Here, it is entirely plausible that a reasonable consumer, "regardless of the precise definition of natural to which that consumer adheres," could reasonably interpret the Challenged Representations to exclude synthetic, artificial, non-natural ingredients, and preservatives. *Garrison*, 2014 WL 2451290 at *7. Here, Plaintiff listed the ingredients Defendant uses in its Products that contradict the Challenged Representations: added coloring (fruit and vegetable juices, vegetable juice, annatto, and beta carotene), ascorbic acid, citric acid, and high fructose corn syrup, malic acid, erythritol, and natural flavors.[11] *Id.; Balser v. Hain Celestial Group, Inc.*, 640 Fed.Appx.

---

[10] Defendant further attempts to overcome the reasonable consumer standard by attacking and attempting to rebut, distinguish, or disqualify the sources cited by Plaintiff in support of his allegations. MTD at 8. Defendant's attempt, however, applies an improper standard that looks to evidence of facts, rather than pled facts taken as true.

[11] Defendant erroneously claims that Plaintiff at the pleading stage must explain how or in what way the ascorbic acid acts to prevent or retard deterioration in any of the products. MTD p. 9. However, to request this detail information at the pleading stage is entirely unreasonable given that Defendant does not publicize its formulation. Nevertheless, given the fact that Defendant adds a well-known preservative in the Products, and yet, misleadingly labels the Products as "100%" or "all" natural, and containing "no preservatives," Plaintiff has plausibly alleged that reasonable consumers would be misled by Defendant's representations.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

694 (9th Cir. 2016) ("the statements that the products were 'natural' and '100% vegetarian' could be taken as a claim that no synthetic chemicals were in the products, a claim the complaint alleges, in detail, is false"); *Brazil v. Dole Packaged Foods, LLC,* 660 Fed. App'x 531, 533 (9th Cir. 2016) (finding that a <u>summary judgment</u> was erroneously granted where consumer challenged the misleading nature of "all natural fruit" claims where the products contained ascorbic acid among other ingredients); *Barton v. Pret A Manger (USA) Ltd*., 535 F. Supp. 3d 225, 233 (S.D.N.Y. 2021) (holding that plaintiff plausibly alleged that an addition of malic and citric acids among other ingredients ran afoul of "natural" representations); *Fagan v. Neutrogena Corp.*, No. 5-13-cv-0136-SVW-OP, 2014 U.S. Dist. LEXIS 2795, at *2 (C.D. Cal. Jan. 8, 2014) (finding plaintiff's allegations, that defendant's misled reasonable consumers when it labeled the products as "100% naturally sourced sunscreen ingredients" and then used unnatural synthetic ingredients in the products, plausible); *see also Grasser v. Kiss My Face, LLC*, No. 17-cv-01675-JSC, 2017 U.S. Dist. LEXIS 175273, at *14 (N.D. Cal. Oct. 23, 2017) ("It is now well established in the Ninth Circuit that for purposes of a motion to dismiss a reasonable consumer could understand the statements "100% natural" or "all natural" or "natural … to mean that a product does not contain any non-natural ingredients.").

### C. Plaintiff Has Standing to Pursue Claims Regarding All Named Products Because They Are Substantially Similar to the Purchased Product.

Plaintiff has standing to assert claims for the unpurchased Products that contain the false Challenged Representations because they are "substantially similar" to the purchased Products. *See Brown v. Hain Celestial Grp., Inc.*, 913 F.Supp.2d 881, 890 (N.D. Cal. 2012). Under the substantial similarity test, when the plaintiff has standing for the purchased products, the class has standing as to the unpurchased products, so long as the products and misrepresentations are substantially similar. *Anderson v. The Hain Celestial Grp.*, 87 F.Supp.3d 1226, 1233 (N.D. Cal. 2015). Moreover, courts in the Ninth Circuit caution against too rigid an application of standing requirements to proposed classes and "[courts] must examine the questions realistically: [they] must **reject the temptation to parse too finely and consider instead the context of the inquiry**." *Lanovaz v. Twinings N. Am. Inc.*, 2013 U.S. Dist. LEXIS 74250, *2-3 (N.D. Cal. May 23, 2013) (citation omitted, emphasis added).

9

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

With this framework in mind, Plaintiff has pled sufficient facts to demonstrate standing for the unpurchased products. Plaintiff purchased the Mucho Mango Fruit Juice Cocktail (the "Purchased Product"). FAC ¶ 7. The remainder of the Products (the "Unpurchased Products") are substantially similar to the Purchased Product. Defendant appears to challenge the similarity of only "Diet" and "Pineapple" Products which contain malic acid and erythritol. ***The products are substantially similar because the ingredient lists need not be identical, so long as the representations are the same and the class of products are comparable***. *Moore v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC,* No. 20-cv-09077-JSW, 2020 U.S. Dist. LEXIS 150394 at * 8 (N.D. Cal. Aug. 6, 2021) (holding that plaintiff had standing to pursue claims among ***different*** product lines (e.g, lip balms, lip scrubs, and lip butters) that had ***different*** ingredients because the products were substantially similar since they were sold under the same brand name, all were used for the same purpose, contained similar natural representations, and contained a combination of thirteen non-natural, artificial, synthetic, and highly processed ingredients).[12]

Rather, as Defendant cites, courts look to "whether the challenged products are of the same kind, whether they are comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Wilson v. Frito-Lay North America, Inc.* 961 F. Supp. 2d 1134, 1141 (N.D. Cal. 2013). Here, all Products are drinks intended for human

---

[12] *See also Astiana*, 2012 U.S. Dist. LEXIS 101371, at *38 (holding that "the different ice creams may ultimately have different ingredients is not dispositive as Plaintiffs are challenging the same basic mislabeling practice ["All Natural"] across different product flavors"); *Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2013 U.S. Dist. LEXIS 144178, at *47-48 (N.D. Cal. Oct. 2, 2013) (holding that the purchaser of chocolate almond milk had standing to pursue claims related to unpurchased products of flavored almonds, 16 other varieties of almond milk, and nut chips); *Colucci v. ZonePerfect Nutrition Co*., 12-cv-2907-SC, 2012 U.S. Dist. LEXIS 183050, at *13 (N.D. Cal. Dec. 28, 2012) (finding "more than enough similarity" between purchased nutrition bar and 19 others not purchased where six of the nine challenged ingredients appeared in all 20 bars, and "most importantly, all twenty flavors bear the same challenged label: All-Natural Nutrition Bars"); *Koh v. S.C. Johnson & Son, Inc*., No. C-09-00927 RMW, 2010 U.S. Dist. LEXIS 654, at *7 (N.D. Cal. Jan. 6, 2010) (allowing plaintiff to sue for purchased product (Shout) and unpurchased product (Windex) because the challenged representation on the labels was the same on both products; also recognizing that "there is no bright line rule that different product lines cannot be covered by a single class."); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) (holding that the purchaser of several flavors of smoothie kits had standing to bring claims on flavors she did not purchase because the products were sufficiently similar and because the "same alleged misrepresentation was on all of the smoothie kits").

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway, Malibu, CA 90265   |   P: (213) 788-4050   |   F: (213) 788-4070   |   clarksonlawfirm.com

consumption within the same price range. Further, the Purchased Product and the "Pineapple" product both contain HFCS, ascorbic acid, beta carotene, and natural flavor; the "Diet" products all contain "natural flavors." Lastly, <u>all Products contain the Natural Representations accompanied by a combination of the artificial, synthetic, and highly processed ingredients</u> previously described, in addition to similarly synthetic, highly processed ingredients malic acid and erythritol.

This position is conceptually consistent, because the misleading effect of the Products' labels are the same for all Products—consumers are duped into purchasing a purportedly "all natural" product that is not natural. The resolution of the asserted claims will be the same between the Purchased and Unpurchased Products—return of the price premium paid for a "natural" product and an injunction to stop the ongoing deception—rendering the Products substantially similar.

### D. Defendant's Preemptive Arguments Challenging Plaintiff's Alternative Remedy of Restitution Must Be Denied.

Defendant contends that Plaintiff cannot maintain his equitable relief claims because he fails to allege that he lacks an adequate remedy of law to seek restitution. MTD at 12 (citing *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020)). Notably, Defendant only addresses restitution, failing to provide a single authority or argument on how money damages for past harm provides redress for Plaintiff's *future harm*. It does not. Injunctive relief is not about returning money, it is about ceasing or altering Defendant's deceptive labeling to prevent future harm.[13]

As to restitution, Defendant's argument is premature. Following *Sonner*, courts have recognized that permitting a plaintiff to seek both equitable restitution and money damages at the

---

[13] Courts routinely recognize that, under *Sonner*, money damages for *past* harm have no relation to, and thus does not serve as an adequate remedy, for a plaintiff's request for injunctive relief. *Zeiger v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. Feb. 26, 2021) ("Assuming that *Sonner* applies to injunctive relief, Zeiger has shown that monetary damages for past harm are an inadequate remedy for the future harm that an injunction under California consumer protection law is aimed at. Zeiger's remedy at law, *damages, is retrospective. An injunction is prospective.* Damages would compensate Zeiger for his past purchases. An injunction would ensure that he (and other consumers) can rely on WellPet's representations in the future.") (emphasis added); *Heredia v. Sunrise Senior Living LLC*, 18-cv-01974, 2021 U.S. Dist. LEXIS 246050, at *8 (C.D. Cal. Feb. 10, 2021) (holding *Sonner* does not preclude the plaintiffs from seeking an injunction prohibiting the alleged unlawful conduct because plaintiffs alleged a continuing risk of harm to the class and the public). Notably, Defendant yet again does not develop any argument regarding Plaintiff's injunctive relief (perhaps intentionally), and thus, any challenge as to injunctive relief is waived. *See e.g. Alonso*, 48 F.3d 1536, 1544-45.

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway, Malibu, CA 90265 | P: (213) 788-4050 F: (213) 788-4070 | clarksonlawfirm.com

pleading stage fulfills the spirit of Rule 8, <u>which allows pleading in the alternative</u>. This is precisely what the Court found in *Nacarino v. Chobani, LLC*, No. 20-cv-07437-EMC, 2022 U.S. Dist. LEXIS 20671, at \*9 (N.D. Cal. Feb. 4, 2022), motion to certify appeal denied, 2022 U.S. Dist. LEXIS 50068 (N.D. Cal. Mar. 21, 2022) (recognizing that "*Sonner* teaches that a plaintiff, *on the eve of trial*, cannot create an inadequacy of a legal remedy by eliminating its availability by taking volitional action.") (emphasis added); *Jeong v. Nexo Fin. LLC*, 21-cv-2302-BLF, 2022 U.S. Dist. LEXIS 10089, at \*27 (N.D. Cal. Jan. 19, 2022) ("The Court finds that *Sonner* has limited applicability to the pleading stage because it pertained to circumstances in which a plaintiff dropped all damages claims on the eve of trial."); *Johnson v. Trumpet Behav. Health, LLC*, 21-cv-03221, 2022 U.S. Dist. LEXIS 3706, at \*3 (N.D. Cal. Jan. 7, 2022) (holding on a motion to dismiss that "because *Sonner* was decided at a later posture, I agree with the plaintiffs that, if a plaintiff pleads that she lacks an adequate legal remedy, *Sonner* will rarely (if ever) require more this early in the case ... [and that] it is too early to determine whether the plaintiffs' legal remedies will ultimately be adequate, so it makes sense to defer this determination."). Indeed, many courts find the inability of legal damages to address future harm sufficient to sustain both restitution and injunctive relief *at the pleading stage. See, e.g.*, *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1159-1160 (S.D. Cal. 2021); *Coleman v. Mondelez Int'l., Inc.*, 554 F. Supp. 3d 1055, 1061 (C.D. Cal. 2021); *Haas v. Travelex Ins. Servs. Inc.*, 555 F. Supp. 3d 970, 976 (C.D. Cal. Aug. 19, 2021); *Souter v. Edgewell Personal Care Co.*, No. 20-CV-1486 TWR (BLM), 2022 U.S. Dist. LEXIS 28386, at \* 12-13 (N.D. Cal. Feb. 16, 2022).

Defendant's next challenge regarding the "duplicative" unjust enrichment theory of recovery fails. Courts routinely allow unjust restitution claims to proceed. *See Sultanis v. Champion Petfood United States Inc.*, No. 21-cv-00162-EMC; 21-cv-00167-EMC, 2021 U.S. Dist. LEXIS 145293, at \*52 (denying to dismiss unjust enrichment claims based on defendant's arguments challenging UCL/CLRA/FAL claims); *Maisel v. S.C. Johnson, Inc.*, No. 21-cv-00413-TSH, 2021 U.S. Dist. LEXIS 86203, at \*39 (similar); *Rice-Sherman v. Big Heart Pet Brands, Inc*., No. 19-cv-03613-WHO, 2020 U.S. Dist. LEXIS 46197, at \*13 (N.D. Cal. Mar. 16, 2020) (denying motion to dismiss unjust enrichment claim where plaintiffs sufficiently pled fraud claims); *Snarr v. Cento Fine Foods,*

*Inc.*, No. 19-cv-02627-HSG, 2019 U.S. Dist. LEXIS 220063, at *7-8 (N.D. Cal. Dec. 23, 2019) (unjust enrichment claim was sufficiently based on UCL).

### E.     Plaintiff Complied with the CLRA Notice Requirements.

Defendant advances frivolous argument that directly contradicts clear law, that Plaintiff has failed to provide sufficient notice, under the CLRA, regarding ascorbic acid.  MTD at 14.

Plaintiff has plainly complied with the CLRA Notice provision. *Outboard Marine Corp. v. Superior Court*, 52 Cal. App. 3d 30, 41 (1975) (the "clear intent" of the CLRA notice requirements "is to provide and facilitate precomplaint settlements of consumer actions wherever possible"); *Nilon v. Nat.-Immuogenics Corp.*, No. 3:12-CV-00930-LAB (BGS), 2014 U.S. Dist. LEXIS 185159, at *4-5 (S.D. Cal. Apr. 14, 2014) (holding the plaintiff's identification of the defendant's alleged § 1770 violations, the challenged representations, and why those representations were false and misleading was sufficient notice under the CLRA).  Plaintiff served original CLRA Notice to Defendant, pursuant to Cal. Civ. Code § 1782(a), on December 14, 2021, advising Defendant of its alleged false and misleading Challenged Representations on the Products (and all substantially similar products). FAC 6. After 30 days have passed, Plaintiff filed his original complaint. ECF 1. Thereafter, prior to amending his complaint, Plaintiff, in abundance of caution, served the second CLRA letter regarding the additional ingredients and several additional products. FAC 6. Plaintiff properly sought only injunctive relief as to the newly added ingredients. FAC; *In re Apple In-App Purchase Litigation*, 855 F.Supp.2d 1030, 1038 (N.D. Cal. Mar. 31, 2012) (holding notice requirement satisfied where plaintiff's original complaint sought only injunctive relief and the complaint, amended 60 days later, sought damages). In any event, even assuming arguendo that Plaintiff's letters were somehow deficient (which is disputed), a dismissal for a failure to comply with the CLRA Notice requirements is not warranted. *See e.g. Prescott*, 2020 U.S. Dist. LEXIS 136651, at *9 (holding that amendment cured deficient CLRA Notice); *Morgan v. AT&T Wireless Servs., Inc.,* 177 Cal. App. 4th 1235, 1261 (2009) (holding that a dismissal with prejudice for failure to comply with the CLRA notice requirement was not necessary); *Reed v. Dynamic Pet Products*, No. 15-CV-0987-WQH-DHB, 2015 U.S. Dist. LEXIS 100540, at *7-8 (S.D. Cal. Jul. 30, 2015) (similar); *Deitz v. Comcast Corp.,* No. C 06-06352 WHA, 2006 U.S. Dist. LEXIS 94333, 2006 WL

3782902, at *6 (N.D. Cal. Dec. 21, 2006) (similar). Thus, Plaintiff complied with the CLRA notice requirements.

### F.   Plaintiff Pled With Specificity The Who, What, When, Where, and How.

Defendant contends that Plaintiff's fraud allegations fail under Rule 9(b) because Plaintiff failed to plead with particularity. MTD at 9.

Fed. R. Civ. P. 9(b) only requires that plaintiffs plead fraud "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Plaintiff must plead the who, what, when, where and how of the alleged misconduct. White v. Kroger Co., No. 21-cv-08004-RS, 2022 U.S. Dist. LEXIS 54273, at *8 (N.D. Cal. Mar. 25, 2022); Kearns, 567 F.3d 1120, 1124.  Plaintiff did so. In 2017 (when), Plaintiff was deceived into buying Defendant's (who) Mucho Mango Fruit Juice Cocktail, at a Foods Co. store in San Francisco, California (where), in reliance on Defendant's false and misleading Natural and No Preservative label claims. FAC ¶ 7. What and how: Defendant's Challenged Representations misled Plaintiff because Plaintiff reasonably believed that the Product was 100% natural and contained no preservatives, when, in fact, the Products contain various synthetic, artificial, and non-natural ingredients and preservatives. Courts routinely find similar allegations, setting forth the facts necessary to identify the transaction, what is false or misleading about a statement, and why it is false, satisfy Rule 9(b). Maisel , 2021 U.S. Dist. LEXIS 86203, *8 (N.D. Cal. May 5, 2021) (citing multiple cases); see, e.g., Mattero v. Costco Wholesale Corp., 336 F. Supp. 3d 1109, 1116-1117 (N.D. Cal. 2018) (ruling, in "environmentally friendly" false advertising cleaning product case, that "[a]ll that is required, even under Rule 9(b), is for plaintiff to set forth what is false or misleading about a statement, and why it is false.") (quotations omitted).

Unsurprisingly, Defendant fails to cite to case law to support its argument that Plaintiff's allegations fail to meet the Rule 9(b) standard because he failed to provide the exact date of purchase. Plaintiff is only alleging that he purchased the Mucho Mango Fruit Juice Cocktail and all other Products at issue are substantially similar. Therefore, Plaintiff need not include any details regarding the purchase details of the other Products because they do not exist. Lastly, Defendant

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway, Malibu, CA 90265  |  P: (213) 788-4050  F: (213) 788-4070  |  clarksonlawfirm.com

asks this Court to dismiss these claims with prejudice because Defendant raised these alleged "deficiencies were raised in its prior motion to dismiss (ECF 17) and "Plaintiff's amended did not cure these failures." This argument is nonsensical. The Court has not made a decision on whether the allegations in the complaint and the FAC are sufficient to satisfy the Rule 9(b) pleading requirements.

## V.   **CONCLUSION**

Defendant has failed to provide evidence demonstrating that any individual issue of material fact in this case cannot be reasonably resolved in favor of Plaintiff. Therefore, Plaintiff respectfully requests the Court deny Defendant's motion to dismiss and a finding of no merit.

DATED: August 22, 2022                     **CLARKSON LAW FIRM, P.C.**

                                          */s/ Yana Hart, Esq.*
                                          Ryan J. Clarkson, Esq.
                                          Yana Hart, Esq.

                                          Attorneys for Plaintiff

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS